IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROME TARIK ALI,

                Plaintiff,                    OPINION AND ORDER

   v.

JAMES BROWN and ANDREW HOFFMAN,         21-cv-45-wmc

                Defendants.

---

Plaintiff Rome Tarik Ali has filed a *pro se* civil action under 42 U.S.C. § 1983, alleging that defendants James Brown and Andrew Hoffman, both officers with the Town of Madison Police Department, stopped his car for no reason, searched his car without a warrant, and then arrested him without probable cause, all in violation of the Fourth Amendment of the U.S. Constitution. Ali is proceeding without prepayment of the filing fee under 28 U.S.C. § 1915. His complaint is now before the court to determine whether it states a claim upon which relief may be granted, 28 U.S.C. § 1915(e), and whether there are other reasons why Ali may not be able to proceed with his claims at this time.

Ali's allegations that on February 21, 2019, Officers Brown and Hoffman stopped him, searched his vehicle and arrested him without probable cause are sufficient to state a claim under the Fourth Amendment. The Fourth Amendment prohibits unreasonable searches and seizures, and under the Fourth Amendment, an officer may arrest someone only if there is probable cause to believe that the suspect has committed, is committing, or is about to commit an offense. *Harney v. City of Chicago*, 702 F.3d 916, 922 (7th Cir. 2012). However, Ali cannot proceed with federal claims against Brown or Hoffman at this

time because the state court proceedings stemming from his February 21, 2019 arrest are still ongoing. *State v. Jerome Blandin, a/k/a Rome Tarik Ali*, No. 2019CM458 (Dane Cnty.), available at https://www.wicourts.gov (last visited July 11, 2022). Generally, federal courts abstain from interfering with ongoing state criminal proceedings. *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010) (federal courts should "abstain from interfering with pending state proceedings to enforce a state's criminal laws") (*citing Younger v. Harris*, 401 U.S. 37 (1971)). Because Ali's claims that he was arrested and search unlawfully could undermine the state criminal proceedings, this court must abstain from considering Ali's claims at this time.

The court will stay this case and direct the clerk of court to administratively close it. That means that Ali may move to reopen this case after the conclusion of the state criminal proceedings, including all appeals and any relevant state collateral review proceedings. *See Simpson v. Rowan*, 73 F.3d 134, 139 (7th Cir. 1995).

One final point: If Ali's state court case results in a criminal conviction, he cannot bring any federal claim for monetary damages that would undermine the conviction. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). This means that if Ali is found guilty in state court, he cannot bring Fourth Amendment claims against Officers Brown or Hoffman unless he has prevailed in an appeal or other postconviction proceeding challenging the conviction.

ORDER

IT IS ORDERED that the court will abstain from exercising jurisdiction over plaintiff Rome Tarik Ali's complaint under *Younger v. Harris*, 401 U.S. 37 (1971), pending final resolution of plaintiff's state criminal proceedings. The case is STAYED. The clerk of court is directed to administratively close the case.

Entered this 12th day of July, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge